Peck, C.J.
When this cause, as between the parties to the original petition, was before us at the last term (13 Ohio St. Rep. 568), it was substantially determined that Harris, Jeffries and Dildine were necessary parties to a petition to reverse the judgment rendered jointly against them and the original plaintiff in error. Nothing short of such necessity could, under the circumstances, have warranted a dismissal of the petition unless they were made parties thereto, and a saving to the defendants, after such amendment, of the right to interpose the statutory bar.
The reasons creating such necessity, are briefly adverted to in the opinion, as tending to prevent a multiplicity of suits and unnecessary labor to the court by rendering one judgment of affirmance, modification or reversal, binding upon all the parties to the original judgment, and also to avoid prejudicing the other judgment debtors, by discharging one of their co-debtors from the joint liability created by the judgment, without giving them an opportunity to be heard upon a question thus affecting their interest. To which may also be added, the inconvenience, expense and delay to the plaintiff in' the joint judgment, if each joint judgment debtor were permitted to bring a several petition in error for its reversal.
The motion to quash has been elaborately argued upon both sides; but we still are of the opinion, that all of the judgment debtors in the case under consideration, were necessary parties to a petition to reverse the joint judgment against them.
*290 The rule which prevailed prior to the enactment of the ■code, was, that all who' were jointly bound by the judgment, if alive, must join in a proceeding to reverse it, and if some would not consent to join in it, there must be a summons and severance, before one of them could prosecute his several writ of error to reverse it. This was required for the triple purpose of preventing a multiplicity of suits, to the manifest hindrance of justice; of ‘protecting the interests of those jointly bound with them in the judgment; and of securing the judgment creditor against unreasonable delay and expense in enforcing his judgment, where several defendants were jointly liable upon it.
This rule of the common law seems, indeed, to be admitted by the counsel for plaintiffs in error; but it is claimed, that the code has wrought a radical change in this respect, by abolishing writs of error and certiorari in civil cases, and substituting therefor a petition in error, without prescribing who should be made parties to the petition, and evidently committing that question to the legal discretion of the court.
It is quite true, that there is no express provision in the code, designating who shall be made parties to such a petition; •but we think that sections 34, 35 and 36, in relation to parties ■to civil actions,-by analogy at least, determine who should be •made parties to the proceeding, and control any legal discretion the court may be supposed to have. The- provisions of .these sections, applied to the petition in this case, indicate clearly, that all the defendants in the judgment should be •made parties, in some form, to the proceeding to reverse it. The judgment is an entirety. All are liable upon it, and each -is prima facie liable to contribute to its discharge inter sese. The interest of each defendant then is, that the number of ultimate contributors to him, should not be diminished, and he should therefore be a party to a -proceeding to free a co-de-fendant from its obligation.
Again, Smetters, Harris and Jeffries were sued as the makers of a joint and not a joint and several note, and as such, adjudged liable; while Dildine was charged in the action only as an indorser. Were it practicable to go behind the *291 joint judgment, and ascertain its severable character from the subject matter of tbe action, it would be found in its nature joint as to Smetters, Harris and Jeffries, and they, upon the principles of tbe code, should all be made parties to a petition to reverse it; while tbe liability of Dildine arising out of bis indorsement, is secondary to that of tbe makers, so that be would also be a necessary party to a petition to reverse tbe judgment, by one primarily liable upon it, and prima facie, at least, responsible to him if be should be compelled to discharge it.
Section 371 of tbe code, to which we have been referred, authorizing several judgments in joint actions, has no legitimate bearing on the right to commence a several suit upon a cause of action confessedly joint. It relates to the termination and not to the commencement of a suit, and before it can be applied, the testimony must show that the real cause of action was several and' not joint. This could not legitimately be made to appear, as against persons not parties to the proceeding in which it is entered.
Lastly, does tbe making of tbe other defendants in tbe judgment parties to tbe petition, after tbe expiration of three years from tbe rendition of tbe judgment complained of, cure tbe original defect and confer jurisdiction upon the court to reverse or modify tbe judgment ?
Dildine, on being brought in after tbe three years’ limitation bad attached, pleaded to tbe jurisdiction of tbe court to revise and reverse the judgment, and all tbe defendants thereupon renewed the motion to quash tbe petition.
We have already shown that the court must have tbe legal right and power to act upon tbe entire judgment, and all the parties to it, before they can reverse or modify it as to any of them. And it would seem to follow as a logical sequence, that until all tbe parties to the joint judgment have been brought before tbe court in some form, it acquires no legal power or authority to reverse or modify any part of it. There is a want of jurisdiction over tbe subject matter.
Either one of tbe defendants, feeling himself aggrieved by the judgment, had tbe undoubted right to have bis liability *292 under it reconsidered on error, by filing his petition in error, and making all the other parties to the judgment parties, either as plaintiffs or defendants, to the petition, at any time within three years from its rendition, but not after that period. It would seem that the revising court should have acquired complete jurisdiction over the subject matter — the entire judgment — before the limitation attaches. The plaintiff in error having failed to do this, within the time limited, and exception being now made to the jurisdiction of the court over the subject matter, it appeai-s to us that the right of the debtor to have the judgment, in any respect, modified or reversed, is gone; and that the power of the court to make such modification, has never attached.
Sections B71, 514 and 516 of the code to which we have been referred as sustaining the right of a revising court to modify, and in part reverse, a joint judgment, order or decree, shed no light upon this question ; they all presuppose that the court exercising the revisory power had previously acquired jurisdiction over the parties and the subject matter.
Motion sustained and petition in error dismissed.
Brlnkerhoee, Scott, Ranney and Wilder, JJ., concurred.